[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE AND MOTION FORADDITIONAL ATTORNEY'S FEES
The defendant, the Cadle Company, filed a motion to reargue dated and filed September 20, 1996, concerning the case in caption and certain issues pertaining thereto after judgment.
The court heard all counsel of record this date as concerns said motions and makes the following observations.
It is represented by counsel for the Cadle Company that the issue as to releases of attachments or lis pendens concerning the subject litigation has been resolved and proper releases exchanged or in process. It is represented and agreed by counsel as concerns this motion that the further sum of $36,000 (not $40,000) as referenced in the motion is to be paid over to the Cadle Company at the time the requisite documents are executed relative to the mortgage modification.
Counsel for the plaintiff already has in his trust account sums sufficient to make such payment at the time the mortgage documents are executed.
As to the remaining issue contained in said motion to reargue concerning interest, the Court finds that payments of principal and interest could not be commenced or made with certainty and safety until the time of the Court's decision, and therefore, interest shall commence on August 30, 1996, the date the Court's decision was filed.
The Court finds that the payment made by plaintiff to the Cadle Company of $1,345.37 on October 1, 1996, to cover calendar September was timely and is the proper first payment. The Cadle CT Page 8304 Company could long ago have resolved the mortgage rewrite which was freely entered into by Gebbie and Ali, Inc. on agreed terms and conditions but chose not to do so.
As to the motion for additional attorney's fees filed by the plaintiff's counsel dated October 25, 1996, the Court is mindful of the sum of $11,281.25, already allowed, and therefore, as to the request for an additional $10,562.50 for post-trial briefs, research and legal services mindful of the additional time and effort required post-judgment, including the hearing on October 29, 1996, the Court will allow the further sum of $2,500.
It is hoped that counsel may now prepare, and the parties execute, the necessary loan documents, and by virtue of the issues resolved this date, the further time interval of thirty days from this date is allowed, otherwise the matter is to be brought to the Court's attention for resolution in accordance with its earlier expressed intent.
Austin, J. Judge Trial Referee